STATE OF MARYLAND *v.* ISIDORE PREISSMAN

[No. 856, September Term, 1973.]

*Decided August 12, 1974.*

The cause was argued before THOMPSON, GILBERT and MOORE, JJ.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City* and *Larry Jenkins, Assistant State's Attorney for Baltimore City,* on the brief, for appellant.

*Isidore Preissman,* in proper person, as appellee.

MOORE, J., delivered the opinion of the Court.

The State of Maryland petitioned for a Writ of Certiorari from a dismissal of charges against appellee, Isidore Preissman, by the Criminal Court of Baltimore (Hinkel, J.) on the ground that there had been improper service of criminal process. We granted the Petition by Order of 20 November, 1973. The case presents the single question whether Judge Hinkel erred in concluding that the District Court Commissioner was without power to serve process upon appellee.

The record does not disclose precisely why appellee was in the Housing Part of the District Court on February 20, 1972 when he was served with summonses by the District Court

Commissioner charging him with multiple housing violations. It appears, however, that appellee was scheduled to stand trial in the same court some four days later on previous housing violation charges. As to those, appellee had prayed a jury trial but the State's Motion Ne Recipiatur to his prayer was granted by the Criminal Court of Baltimore in August, 1971. Appellee's subsequent motion to set aside that order was denied and on November 29, 1971 he filed an appeal to this Court.[1] While that appeal was pending, and prior to February 20, 1972, he received a phone call from the District Court instructing him to appear in court. Mr. Preissman complied and in the course of proceedings on that date before Judge Solomon Baylor, he was served with the disputed process by District Commissioner Antonelli.

At trial in March, 1972 appellee's motion to dismiss the subject charges was denied, and after trial upon his plea of not guilty he was convicted of all the charges. In the Criminal Court of Baltimore he sought a trial *de novo* (Code, Art. 26, § 156) and again moved to dismiss the charges on the ground of improper service. The motion was granted, the court finding that appellee had refused to submit voluntarily to the jurisdiction of either the District Court or the Criminal Court and that the method of service of process was contrary to the statute and therefore defective. Accordingly the charges against appellee were dismissed.

Acts of 1969, ch. 789, ratified November 3, 1970, repealed former Parts V-A, V-B and VI of Article IV of the Constitution of Maryland entitled, respectively, "People's Courts," "Municipal Court" and "Justices of the Peace" and added present Part VI of Article IV entitled "District Court." Section 41G of Part VI, "Commissioners," provides in pertinent part:

> "Commissioners may exercise power only with respect to warrants of arrest, or bail or collateral or

---

1. It was dismissed in an unreported per curiam decision, Preissman v. State, No. 58 Sept. Term, 1972, filed July 13, 1972 on the ground that it had not been timely filed.

other terms of pre-trial release pending hearing, or incarceration pending hearing, and then only as prescribed by law or by rule."

Implementing Article IV of the Constitution, Acts of 1970, ch. 528 established a District Court of Maryland. Section 154 (c) thereof (Code, Art. 26, § 154 (c))[2] provided in pertinent part:

"(c) A commissioner shall receive applications and determine probable cause for arrest warrants and criminal summonses. He shall advise arrested persons of their constitutional rights, set bond or commit persons to jail in default of bond or release them on personal recognizance if circumstances warrant, and conduct investigations and inquiries into the circumstances of any matter presented to him in order to determine if probable cause exists for the issuance of a warrant or criminal summons and, in general, perform all the functions of committing magistrates exercised by the justices of the peace prior to the effective date of this section in the City of Baltimore and each county, and there shall be in each county and the City of Baltimore, at all times, one or more commissioners available for the convenience of the public and police in obtaining warrants or criminal summonses and to advise arrested persons of their rights as required by law."

By the same enactment Code, Art. 26, § 153 (b)[3] provides:

"(b) All civil process and papers of the District Court shall be served by the constables of the respective districts, or as provided by rule, except that if the administrative judge of a particular district so orders, such papers and process may be served by the sheriffs of the respective counties. *All criminal and traffic process, including warrants*

2. Courts Art., § 2-607 (c).

3. Courts Art., § 2-605 (a) and (b).

*and summonses for witnesses shall be served by the sheriffs of the respective counties or by State or local police as shall be determined by rule."* (Emphasis added.)

Maryland District Rule 706 f (1) in turn declares:

"A warrant shall be executed by the arrest of the defendant. Summons shall be served by delivering a copy of the summons to the defendant personally. *The summons may be served by any officer authorized by law to execute a warrant."* (Emphasis added.)

Judge Hinkel concluded from his reading of these statutes "that the service of criminal process must be by sheriff or police." We have concluded that he was correct.

The State contends that the terms of § 153 (b), when taken in context, manifest an intent of the legislature merely to limit the power of the constable who was formerly authorized to serve all process, civil and criminal, *see* Code, Art. 20, § 3 (1957 ed. 1966 Repl. Vol.) and, conversely, reflect no intent to restrict the implicit (or "obvious") power of the commissioner to serve his own process when the accused is before him.[4] The provision relating to service of criminal process, however, is unqualified: "All criminal and traffic process shall be served by the sheriffs . . . or . . . police. . . ." Although it is singularly unlikely the legislature contemplated the situation presented here in enacting § 153 (b), the section appears on its face to establish the exclusive methods by which civil process and papers and, on the other hand, criminal process shall be served. It is evident that the legislature intended to reserve the latter task to persons specially trained for the difficulties that could arise in connection therewith. The conclusion is not compelled that it would have excepted from the restrictions upon service a case where the court itself could conveniently effect service.

---

4. We note that in the Courts and Judicial Proceedings Article the duties of constables and service of process are no longer, as previously, treated in the same section, the latter constituting § 2-605, the former § 2-606.

Thus, where the language of a statute is plain and free of ambiguity and has a definite and sensible meaning, such is conclusively presumed to be the meaning of the legislature in enacting the statute. *Celanese Corp. of America v. Davis,* 186 Md. 463 (1946); *Amalgamated Cas. Ins. Co. v. Helms,* 239 Md. 529 (1965).

The State contends that even if service in a criminal case can only be effected as provided in the statute, the defective service here "was not fatal to the charges against appellee," since where a person is before a court under process legally issued by a court of that jurisdiction, the jurisdiction of the court over his person is not affected by the manner in which he was brought before it. *Cook v. Hart,* 146 U. S. 183 (1892); *Ker v. Illinois,* 119 U. S. 436 (1886). The State's reliance on this rule is misplaced, however, because process is not legally issued until it has been prepared and placed in the hands of a person authorized to serve it with the intention of having it served. 72 C.J.S., *Process,* § 5, and cases there cited. The commissioner was not such an authorized person.

> *Judgment affirmed; costs to be paid by the State of Maryland.*